```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**CLEDITH BOHANON,**

                              **Petitioner,**

            v.                                    CASE NO. 21-3203-SAC

**PATTI J. KEEN,**

                              **Respondent.**

<u>**NOTICE AND ORDER TO SHOW CAUSE**</u>

This matter comes before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons stated below, the Court will direct Petitioner to inform the Court whether he wishes to proceed with this action under 42 U.S.C. § 1983.

**Background**

Petitioner, an inmate at Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, proceeds pro se. In July 2017, HCF mailroom staff opened Petitioner's legal mail outside his presence. *See Bohanon v. Keen*, 2020 WL 4378017, *1 (Kan. Ct. App. 2020) (unpublished opinion), *rev. denied* March 12, 2021. In December 2017, Petitioner sought monetary relief through prison administrative remedies and received an apology but no further compensation. *Id.* Approximately 10 months later, he filed a pro se petition in state district court, naming as defendant the mailroom supervisor, Patti Keen, who is the respondent in this action. *See id.* In his petition, Petitioner "challeng[ed] the Department of Corrections' response" and "alleged the prison staff had violated his constitutional rights

by opening the letters from his attorney." *Id.* He sought compensatory and punitive damages, injunctive and declaratory relief, and recovery of his legal costs. *Id.*

The Department of Corrections moved to dismiss the petition, characterizing the claims as claims for property loss and arguing that Petitioner had failed to exhaust the appropriate administrative remedies. *Id.* at *2. The district court agreed and dismissed the petition for lack of jurisdiction. *Id.* When Petitioner appealed the dismissal, the Kansas Court of Appeals (KCOA) construed the petition as one brought under K.S.A. 60-1501, which "is 'a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution.'" *Id.* (quoting *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67 (Kan. Ct. App. 1994)). Although it held that the district court had erred in dismissing for failure to exhaust administrative remedies, the KCOA nevertheless affirmed the dismissal because the petition was not filed within 30 days of the final administrative action as required by K.S.A. 2019 Supp. 60-1501(b). *Id.* at *2.

The Kansas Supreme Court (KSC) denied Petitioner's petition for review. Petitioner then filed an original petition for writ of habeas corpus in the KSC, which was dismissed on April 23, 2021; the KSC denied Petitioner's subsequent motion for reconsideration on August 2, 2021. Kansas Clerk of the Appellate Courts Online Case Search, *Bohanon v. Keen*, Case No. 123,800.

On September 1, 2021, Petitioner filed the petition for writ of habeas corpus that is currently before this Court. (Doc. 1.) In doing so, Petitioner used a form for filing a petition for writ of

habeas corpus under 28 U.S.C. § 2241. As his grounds for relief, he asserts that the Kansas courts—the district court, the KCOA, and the KSC—misconstrued his pleading as one arising under K.S.A. 60-1507, when it was intended to bring a claim under the Kansas Tort Claims Act (KTCA) pursuant to K.S.A. 75-5103. Because the KTCA has a two-year statute of limitations, he claims his state-court action was timely. (Doc. 1, p. 4-5.) Petitioner seeks "declaratory, monetary, and injunctive relief," including $15,000.00 in damages. *Id.* at 6.

In addition to the petition, Petitioner filed a memorandum of law in which he asserts "that the defendant, Patti J. Keen, mailroom clerk, . . . violated his civil rights by unlawfully opening his legal mail." (Doc. 2, p. 1.) He alleges that opening his legal mail outside his presence violated his First Amendment right to confidential communications. *Id.* at 1-2. *See also Ramos v. Lamm*, 639 F.2d 559, 582 (10th Cir. 1980) (holding that unjustified opening of prisoners' mail to their attorneys outside the prisoners' presence violated the First and Fourteenth Amendments). The memorandum of law also reflects Petitioner's desire for declaratory, injunctive, and monetary relief. *Id.* at 2.

Because Petitioner did not pay a filing fee, the Court issued a notice instructing him to either pay the statutory filing fee of $5.00 or submit a motion to proceed in forma pauperis. (Doc. 4.)

**28 U.S.C. § 2241 Petition**

To obtain federal habeas corpus relief, a prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . .'" *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019)(unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

The information currently before the Court does not indicate that Petitioner challenges the execution of his state sentence. Rather, he seeks monetary, declaratory, and injunctive relief due to the alleged violation of his civil rights in the HCF mailroom. Thus, it appears that despite his characterization of this action as one under 28 U.S.C. § 2241, the relief Petitioner seeks is not available in a federal habeas action.

**42 U.S.C. § 1983**

A civil rights action under 42 U.S.C. § 1983 is the proper avenue by which a prisoner may challenge unconstitutional conditions of confinement. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Under Local Rule 9.1(a), however, a prisoner's civil rights complaint seeking relief under 42 U.S.C. § 1983 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the

clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper complaint under this case number (21-3203) containing the claims for which relief may be sought under 42 U.S.C. § 1983.

The Court advises Petitioner that if he chooses to file a civil rights complaint and pursue his claims under § 1983, he must either pay the full related filing fee of $402.00 or file a request to proceed in forma pauperis with the accompanying required documentation. Even if Petitioner is granted in forma pauperis status, he will nevertheless be required to pay the full amount of the filing fee, in installments. *See* 28 U.S.C. § 1915(a), (b).

**Conclusion**

The petition filed in this case, which is brought pursuant to 28 U.S.C. § 2241, seeks relief not available under that statute. Because the petition appears to allege civil rights violations, Petitioner will be allowed to submit a complaint pursuant to 42 U.S.C. § 1983, on the proper forms, under this case number. If Petitioner does not wish to pursue claims under 42 U.S.C. § 1983 in this action, he shall inform the Court, in writing, of that decision. A failure to comply with this order will result in the matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including October 8, 2021, in which to file a complete and proper civil rights complaint in compliance with the directions in this order or to file a notice to the Court that he does not intend to do so. The failure to file at least one of these documents will result in the action being dismissed without further notice. The clerk of court shall transmit a form 1983 complaint to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 7th day of September, 2021, at Topeka, Kansas.


                            S/ Sam A. Crow

                            SAM A. CROW
                            U.S. Senior District Judge