**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CLEDITH BOHANON,**

                **Plaintiff,**

      v.                                          **CASE NO. 21-3203-SAC**

**PATTI J. KEEN,**

                **Defendant.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter was initially filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On September 22, 2021, Plaintiff, who is proceeding pro se, informed the Court that he wishes to proceed only on a claim under 42 U.S.C. § 1983, and he has now filed a complaint. (Docs 6, 9.) For the reasons below, the Court will direct Plaintiff to show cause why this action should not be dismissed as barred by the statute of limitations.

**Background**

Petitioner is an inmate at Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. In July 2017, HCF mailroom staff opened Petitioner's legal mail outside his presence. *See Bohanon v. Keen*, 2020 WL 4378017, *1 (Kan. Ct. App. 2020) (unpublished opinion), *rev. denied* March 12, 2021. On September 1, 2021, Plaintiff filed a petition for writ of habeas corpus in this Court. (Doc. 1.) After conducting an initial review of the petition, the Court issued a Notice and Order to Show Cause (NOSC) on September 7, 2021, concluding that it appeared Plaintiff's claims did not sound in habeas corpus, but rather raised a claim more properly brought under

42 U.S.C. § 1983. (Doc. 5.) Thus, the Court directed Plaintiff to either submit a complaint pursuant to 42 U.S.C. § 1983 under this case number or inform the Court that he did not wish to pursue § 1983 claims in this action.

On September 22, 2021, Plaintiff submitted a complaint, a memorandum in support, and a motion for leave to proceed in forma pauperis (IFP)[1]. (Docs. 6-9.) Plaintiff names Patti J. Keen as the sole defendant and raises only one claim:  that Defendant opened his legal mail outside his presence in July 2017, violating his rights under the First, Sixth, and Fourteenth Amendments. (Doc. 6, p. 1, 3; Doc. 7, p. 1-2.) He seeks compensatory and punitive damages. (Doc. 7, p. 2-3.)

**Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

> "'No statute of limitations is expressly provided for civil rights claims brought under section 1983.'

---

[1] As Plaintiff is aware, before the Court may rule on his motion to proceed IFP, he must submit :a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in his institutional accounts." (Doc. 8, p. 2.) Plaintiff has informed the Court that he has submitted two requests for the required financial information. When that information is received by the Court, the Court will rule on the motion to proceed IFP.

> Accordingly, we look to state law to determine the applicable limitations period. In doing so, we have held 'that every section 1983 claim is in essence an action for injury to personal rights' and therefore apply the statute of limitations for personal injury actions in the state where the claim accrued. Applying this rule here, the statute of limitations for [a 1983 plaintiff in Kansas] is two years." *Keith v. Koerner*, 843 F.3d 833, 850-51 (10th Cir. 2016) (internal citations omitted); *see also* K.S.A. 60-513(a)(4).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted); *see Thorpe v. Ancell*, 367 Fed. App'x 914, (10th Cir. 2010)(unpublished).

It appears from the face of the complaint that this action is subject to dismissal as barred by the two-year statute of limitations. Plaintiff filed the complaint on September 22, 2021, more than 4 years after the underlying events occurred in July 2017. Unless tolling applies, Plaintiff's claim is not timely.

In certain limited circumstances, the limitation period may be subject to tolling. Because the court applies the Kansas statute of limitations in a § 1983 case, it also looks to Kansas law for questions of tolling. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished opinion). Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, by the party's release). K.S.A. 60-515(a). The statute further provides, however, that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." *Id*. Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period, something Plaintiff has not claimed. *McClain*, 2013 WL 3970215 at *2; *Parker v. Bruce*, 109 Fed. App'x 317, 319 (10th Cir. 2004)(unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'" *Friends University v. W.R. Grace & Co.*, 227 Kan. 559, 564 (Kan. 1980)(quoting *Rex v. Warner*, 183 Kan. 763, 771 (Kan. 1958)). Nothing currently before the Court supports a claim that Defendant affirmatively induced Plaintiff into delaying filing this action.

In addition, at least one Kansas appellate court decision has applied the equitable tolling standard for habeas cases in the context of a § 1983 action. *See McClain*, 2013 WL 3970215 at *3. That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *McQuiggin v. Perkins*, 569

U.S. 383, 391 (2013)(quoting *Holland v. Florida*, 560 U.S. 631 (2010)).

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear that the action is barred by the statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Because Plaintiff did not file this matter within the two-year limitation period and because he has not shown a factual basis for tolling the limitation period, the complaint is subject to dismissal as barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including October 29, 2021, to show cause why this matter should not be dismissed as barred by the statute of limitations. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED:  This 29th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge