```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**CLEDITH BOHANON,**

                            **Plaintiff,**

        v.                                  CASE NO. 21-3203-SAC

**PATTI J. KEEN,**

                            **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff's response to the Court's Notice and Order to Show Cause (NOSC) regarding timeliness. The Court has considered the response and, for the reasons stated below, will dismiss the matter as barred by the statute of limitations.

This action was initially filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) After initially reviewing the petition, the Court concluded that it appeared the claims therein did not sound in habeas corpus, but rather raised a claim more properly brought under 42 U.S.C. § 1983. Thus, the Court directed Plaintiff to either submit a complaint pursuant to § 1983 or inform the Court that he did not wish to pursue § 1983 claims in this action. (Doc. 5.)

Plaintiff submitted a complaint on September 22, 2021. (Doc. 6.) Because Plaintiff is a prisoner, the Court screened his complaint as required by 28 U.S.C. §§ 1915(e) and 1915A. It discovered that Plaintiff's claim appeared to be barred by the applicable 2-year statute of limitations. (See Doc. 11.) The statute

of limitations for § 1983 plaintiffs in Kansas is two years. *See Keith v. Koerner*, 843 F.3d 833, 850-51 (10th Cir. 2016). The statute of limitations begins running when the facts supporting the cause of action are or should be apparent to the plaintiff. *See Wallace v. Keto*, 549 U.S. 384, 388 (2007); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).

The sole claim in the complaint is that in July 2017, Defendant Patti J. Keen, the mailroom supervisor at Hutchinson Correctional Facility, where Plaintiff is incarcerated, opened Plaintiff's legal mail outside his presence, violating Plaintiff's rights under the First, Sixth, and Fourteenth Amendments. (Doc. 6, p. 1, 3.) Plaintiff did not file his complaint until 2021, more than four years after Defendant allegedly opened his legal mail outside his presence. Statutory and equitable tolling of the statute of limitations are available in certain circumstances, so the Court issued a NOSC advising Plaintiff that the complaint is subject to dismissal as barred by the statute of limitations and allowing Plaintiff time to show cause why this matter should not be dismissed for that reason. (Doc. 11.)

In his response, Plaintiff first asserts that he did not know "until years later" that his constitutional rights had been violated. (Doc. 12.) However, in the next paragraph, Plaintiff concedes that he it was 2017 when he first learned the fact that his legal mail was opened outside his presence. *Id.*; *see also Bohanon v. Keen*, 2020 WL 4378017, *1 (Kan. Ct. App. July 31, 2020) (unpublished opinion) (noting that Plaintiff filed a grievance about the improper opening of his legal mail on December 1, 2017). Ignorance of the law does not toll the limitation period to file §

1983 claims. *See Caballero v. Wyandotte County Sheriff's Department*, 2019 WL 1670756, *1 (D. Kan. April 17, 2019) (unpublished memorandum and order); *see also Marsh v. Soares*, 223 F.3d 1217, 1120 (10th Cir. 2000) ("'[I]gnorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing.'"). Moreover, the statute of limitations begins running when the *facts* supporting the cause of action are or should be apparent, not when the plaintiff becomes aware that those facts may support a legal cause of action. *See Wallace*, 549 U.S. at 388; *Fogle*, 435 F.3d at 1258

Next, Plaintiff points out that in January 2019, he filed a lawsuit that was misconstrued as arising under K.S.A. 60-1501. (Doc. 12.) Thus, Plaintiff asserts that he "did the best he could to bring his constitutional claim before this court." *Id.* The lawsuit to which Plaintiff is referring appears to be Reno County case number 2019-CV-000015. Petitioner brought that case in state court, not federal, so it is unclear why this Court should credit it as an attempt to "bring [Plaintiff's] constitutional claim before this court."

In any event, in the pro se petition he filed in Reno County in January 2019, Plaintiff named Keen as a defendant and "alleged the prison staff had violated his constitutional rights by opening the letters from his attorney" and he sought compensatory damages, punitive damages, injunctive and declaratory relief, and legal costs. *Bohanon*, 2020 WL 4378017, at *1; see also online district court records of Reno County, Kansas. The district court construed the petition as a claim for property loss and dismissed it for failure to exhaust administrative remedies. *Id.* at *2. On appeal,

the Kansas Court of Appeals (KCOA) held that construction was erroneous and the petition should have been construed as arising under K.S.A. 60-1501. *Id.* The KCOA affirmed the dismissal, however, because the petition had not been filed within the time allowed for K.S.A. 60-1501 motions. *Id.* at *3-4.

To the extent that Plaintiff means to assert that his 2019 petition in Reno County district court should have been construed as arising under 42 U.S.C. § 1983, his remedy for a state court misconstruing his petition filed in state court does not lie with the federal courts. *Cf. In re Ebel*, 139 Fed. Appx. 26, 28 (10th Cir. 2005) (unpublished order and judgment)(noting that "the federal courts lack subject matter jurisdiction to hear appeals from final judgments of state courts"). Moreover, even if the state courts misconstrued Plaintiff's petition, that did not prevent him from filing a timely complaint under § 1983 with this Court.

Finally, Plaintiff contends that he is experiencing ongoing harm, so the statute of limitations did not begin to run until the last violation occurred. (Doc. 12.) The continuing violation doctrine was developed in the context of employment discrimination law. *See Davidson v. America Online, Inc.*, 337 F.3d 1179, 1183-84 (10th Cir. 2003). It allows a plaintiff bringing a Title VII claim to include incidents that occurred outside a statue of limitations if the incidents are "sufficiently related and thereby constitute a continuing pattern of discrimination." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). "[I]t remains an open question in [the Tenth C]ircuit whether the continuing violation doctrine applies in the § 1983 context." *Schell v. Chief Justice and Justices of Oka. Supreme Ct.*, 11 F.4th 1178, n.6 (Aug. 2021). In an unpublished

decision, however, the Tenth Circuit has stated that "the doctrine of continuing violations does not apply to § 1983 claims." *Mercer-Smith v. N.M. Children, Youth & Families Dep't*, 416 Fed. Appx. 704, 712 (10th Cir. 2011) (citing *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997), and *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994)).

In support of his claim that he is suffering continual violations and ongoing harm, Plaintiff directs the Court to "Case No. 123,675." (Doc. 12.) The Court presumes Plaintiff is referring to *Bohanon v. Keen*, a state-court appeal to which the Kansas state appellate courts assigned the number 123,675.[1] *See Bohanon v. Keen*, 2021 WL 4226082, *1 (Kan. Ct. App. 2021) (unpublished opinion). In that case, Plaintiff asserted that not only did HCF staff improperly open his legal mail in 2017, they also did so in February 2020. *Id.*

But the allegations that Plaintiff's legal mail was improperly opened outside his presence in 2020 are not included in the complaint currently before this Court. And even if they were, they would not show the sort of continuing violation that would alter the date on which Plaintiff's § 1983 claim accrued.

Even if the continuing violation doctrine applies to § 1983 claims, the Tenth Circuit has instructed that it does not apply when a plaintiff alleges discrete acts of employment discrimination in support of multiple disparate treatment claims. In such a case, "the limitations period will begin to run for each individual act from the date on which the underlying act occurs." *Davidson*, 337 F.3d at 1185. Incidents in July 2017 and incidents in February 2020

---

[1] Plaintiff also generally refers the Court to "Case No. 21-CV-46, Appellate Case No. 124167 (also ongoing legal mail issue)."

in which Plaintiff's legal mail was opened outside his presence are more akin to the discrete acts of employment discrimination than they are like the sort of "continuing pattern" of unconstitutional behavior that supports application of the continuing violation doctrine. At best, they are discrete sets of acts—one in July 2017 and one in February 2020—and, as such, the statute of limitations began to run when Plaintiff was aware of the acts. Because Plaintiff did not file the present complaint within two years of learning of the July 2017 events, his § 1983 claims based on those events are barred by the two-year statute of limitations.

Because the Court will dismiss this matter as time-barred, it also will dismiss Plaintiff's motion to appoint counsel (Doc. 3) and motion for leave to proceed in forma pauperis (Doc. 8) as moot.

**IT IS, THEREFORE, BY THE COURT ORDERED** that this matter is **dismissed** as barred by the statute of limitations. Accordingly, Plaintiff's motion to appoint counsel (Doc. 3) and motion for leave to proceed in forma pauperis (Doc. 8) are **denied as moot.**

**IT IS SO ORDERED.**

DATED:  This 7th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge